# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-739-RJC-DCK

**DENNIS YANCEY,**

    **Plaintiff,**

v.                                    **CONSENT PROTECTIVE ORDER**

**TRANE U.S., INC.,**

    **Defendant.**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and upon stipulation of the parties, as evidenced by the endorsement of counsel herein,

1. Whereas Plaintiff's Complaint includes, inter alia, alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

2. Whereas it will be necessary for both parties to utilize documents containing personal, confidential, and proprietary information.

3. Whereas the Court concurs that the parties have an important interest in protecting the confidentiality of that information given its sensitive, proprietary and personal nature.

It is hereby **ORDERED**, **ADJUDGED** and **DECREED** that:

4. The parties may designate and mark as "Confidential" documents and information that they believe in good faith contains sensitive and confidential financial information, personal or medical information, trade secrets, or otherwise describe, contain or disclose internal company information or processes, including commercial, operational or financial information, that is held confidential by the producing party.

5. Any document or information designated as "Confidential" shall be used by the parties only in connection with the above-captioned action and shall not be disclosed to, or used by, any person other than those identified hereafter under the conditions and limitations described herein.

6. Any document or information designated as "Confidential" may only be disclosed by either party to:

    a. the Court, as long as such document or information is filed under seal and the Clerk is hereby directed to accept such documents or information under seal;

    b. counsel of record in this action and their client(s);

    c. law clerks, paralegals, legal assistants, stenographic and clerical employees of the parties' counsel who are assisting in the prosecution or defense of this matter;

    d. independent and internal experts working on behalf of one of the parties for the purposes of this litigation;

    e. court reporters and support personnel of such court reporters retained in connection with depositions taken;

    f. any mediator engaged by the parties to this action; and

    g. a potential witness or deponent in this action when the Confidential Information is or may be (in the good faith belief of counsel) related to the witness or deponent's testimony or knowledge of the matters in this lawsuit, unless the witness is a recipient or author of the Confidential Information in which case the information may be disclosed to the witness without limitation.

7. If any "Confidential" document or information is used during a deposition, parties may designate the portion of the transcript (including exhibits) that contains Confidential Information by making a statement to such effect on the record in the course of the deposition.

The parties also may designate as Confidential any portions of the transcript (including exhibits thereto) by written notice to the other party's counsel within twenty (20) days following receipt of the transcript of such deposition. The entire transcript shall remain Confidential until that time.

8. Any person described above in Paragraphs 6(d), 6(f) and 6(g) to whom either party discloses documents or information pursuant to this Order shall receive or be shown a photocopy of this Order and shall agree to abide by its provisions.

9. Each person examining any information or document designated as Confidential and disclosed by either party hereby agrees to be subject to the jurisdiction of this Court for contempt and any other appropriate proceedings in the event of any violation of this Order.

10. No person who examines any document or information designated Confidential and disclosed by either party shall disseminate orally, in writing, or by any other means the document or any information contained therein to any other person not also authorized to examine the document or information.

11. All documents and information designated as Confidential shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court renders a decision that the document or information designated as Confidential shall not be covered by the terms of this Order and all proceedings and appeals challenging such decisions have been concluded.

12. Upon request, no later than thirty (30) days after a Final Order is entered in this action, each party shall retrieve all copies of materials designated "Confidential" from her, his or its own files, and from experts or other persons to whom she, he or it has provided such materials consistent with this Protective Order, and shall do one of the following: (1) return the materials, including all copies thereof, to the producing party; (2) certify in writing to the producing party

that all such material has been destroyed; or (3) certify in writing to the producing party that all such material has been retained only by the attorneys appearing in this action and has been segregated from the other information and used for no purposes other than to preserve a record of this litigation.

13. If a party objects to a Confidential designation under this Order, the objecting party shall notify the disclosing party in writing. The party designating the material objected to as Protected shall then have the burden of demonstrating the basis for such designation. Within ten (10) business days of the receipt of such written notice, or at such other time as agreed upon by counsel for the parties, counsel for the disclosing party and the objecting party shall meet-and-confer in an effort to resolve their differences. If the parties cannot resolve their disagreement, the objecting party may apply to the Court for a ruling on the disclosing party's designation of Confidential, and the disclosing party will continue to bear the burden of proving that the materials at issue are entitled to Confidential status. While any such application is pending, the documents or materials subject to that application will remain Confidential until the Court rules. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any documents as Confidential or preventing any party from seeking further protection for any material it produces in discovery.

14. In the course of producing documents and information during discovery, a party may inadvertently produce documents that are privileged, including but not limited to documents protected by the attorney-client privilege, work product doctrine, or mediation privilege (together, all inadvertently produced documents shall be a "Privileged Document"). Inadvertent production of a Privileged Document shall not be deemed a waiver of any applicable privilege. Upon discovery that a Privileged Document has been produced, the producing party shall promptly

notify counsel for the other party who shall promptly return the Privileged Document and all copies of the Privileged Document. Within five business days, the producing party shall produce or supplement a privilege log stating the basis for the assertion of privilege with respect to that Privileged Document. If a party contends that a Privileged Document has been erroneously designated as such, the party will nevertheless return the Privileged Document and all copies of the Privileged Document to the party asserting the privilege. Nothing herein prevents a party from challenging the designation of a document or information as privileged.

15. Nothing in this Protective Order shall limit the parties' ability to use or disclose any of their own documents or information in the ordinary course of business. The parties may file under seal any documents or information designated as Confidential.

16. Nothing in this Protective Order shall limit the parties' ability to use any documents or information designated as Confidential at trial in this action, and both parties reserve their rights to challenge the designation or seek further protection from the Court regarding the use of confidential information at trial.

17. Nothing in this Protective Order shall be construed to require any party to notify or obtain permission from the other party before introducing materials designated as Confidential at trial or examining witnesses about materials designated privileged or Confidential during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, Local Rules or order of the Court.

18. The Clerk hereby is directed to accept as filed under seal all documents or information designated as Confidential.

19. Nothing herein shall prejudice Plaintiff's or Defendant's right or ability to petition the Court for additional or different relief.

20.     The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

   *We so Consent*:

   This the 27th day of January 2017.

| | |
|---|---|
| /s/ Sean F. Herrmann | /s/ Meredith A. Pinson |
| Sean F. Herrmann | John G. McDonald (N.C. Bar No. 23848) |
| sean@vankampenlaw.com | jmcdonald@mcguirewoods.com |
| Van Kampen Law, PC | Meredith A. Pinson (N.C. Bar No. 39990) |
| 315 East Worthington Ave. | mpinson@mcguirewoods.com |
| Charlotte, NC 28203 | MCGUIREWOODS LLP |
| 704-247-3245 | 201 North Tryon Street, Ste. 3000 |
| 704-749-2638 (Facsimile) | Charlotte, North Carolina  28202 |
| | 704.343.2276 |
| *Attorneys for Plaintiff* | 704.444.8753 (Facsimile) |
| | |
| | *Attorneys for Defendant Trane U.S., Inc.* |

   **SO ORDERED**.

Signed: January 27, 2017

C. Keesler
 States Magistrate Judge